**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SUSAN DOUGLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE STOP & SHOP SUPERMARKET COMPANY, LLC,<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Susan Douglas brings this action individually and on behalf of all others similarly situated against The Stop & Shop Supermarket Company, LLC ("Defendant" or "Stop & Shop"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. For nearly a year, Defendant has been nickel and diming its Stop & Shop customers who place Online Pickup Orders in violation of the Massachusetts Unfair and Deceptive Businesses Act. When a consumer begins an Online Pickup Order through Stop & Shop on either www.stopandshop.com or the mobile application, she is quoted a fee-less price, only to be ambushed by a $3.95 "Pick Up Fee" at checkout after filling her cart. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2. To stop businesses from engaging in this behavior, Massachusetts passed 940 CMR 38.00, which defines and prohibits certain unfair and deceptive fees. The law provides that it is an unfair and deceptive practice under M.G.L. c. 93A, § 2 to "[m]isrepresent[] or fail[] to

disclose Clearly and Conspicuously, at the time of the initial presentation of the price of any Product, or any subsequent presentation thereafter, the Total Price of that Product." *See* 940 CMR 38.04(1) (emphasis added). Additionally, it is an unfair and deceptive practice under M.G.L. c. 93A, § 2 to "[m]isrepresent[] or fail[] to disclose Clearly and Conspicuously, at the time of the initial presentation of the Total Price of any Product: (a) the nature, purpose, and amount of any fees, charges, or other expenses that would be imposed on the transaction due to the purchase of that Product (excluding Shipping Charges and Government Charges)." 940 CMR 38.04(2) (emphasis added). And, it is an unfair and deceptive practice under M.G.L. c. 93A, § 2 to "[f]ail[] to disclose Clearly and Conspicuously the Total Price of any Product prior to requiring a consumer to provide any personal information, including billing information." 940 CMR 38.04(4) (emphasis added). This latest version of the law went into effect September 2, 2025.

3. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other Stop & Shop Online Pickup Order customers of Defendant's Stop & Shop grocery stores, for statutory and/or actual damages, reasonable attorneys' costs and fees, and injunctive relief under M.G.L. c. 93A § 9(3).

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from Defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

6. This Court has general personal jurisdiction over Defendant because it is headquartered and maintains its principal place of business in this District.

## PARTIES

7. Plaintiff Susan Douglas is an individual consumer who, at all times material hereto, was a citizen and resident of Feeding Hills, Massachusetts. Plaintiff placed an Online Order for pickup through Defendant's mobile application on or around March 31, 2026. The transaction flow process she viewed on Defendant's platform was substantially similar to that as depicted in Figures 1 through 12 in this Complaint.

8. Defendant The Stop & Shop Supermarket Company, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Quincy, Massachusetts. The Stop & Shop Supermarket Company, LLC operates its website, www.stopandshop.com and its mobile application.

## RELEVANT FACTUAL ALLEGATIONS

9. When a person visits Defendant's platform to place an Online Pickup Order, on the main page, she may sign in or register, view Defendant's weekly advertisement, or immediately begin searching for products to purchase. *See* Figure 1.




**Figure 1**

10. Once the consumer signs in or registers, she can select a pick up location and time, and browse products. *See* Figure 2. Once she begins to browse products, Defendant displays prices of products to the consumer for the first time. *Id.*




**Figure 2**

11. When a consumer adds an item to her cart, a price appears under the "Cart" icon along the bottom banner, as well as a small, red circle with a number to indicate the amount of items in the customer's cart. *See* Figure 3 (red box added).




**Figure 3**

12. As the consumer continues to shop and add items to her cart, the price in the cart increases, as well as the number to indicate how many items are in the customer's cart. *See* Figures 4 and 5 (red boxes added). However, unbeknownst to the customer, this is not the true price of the customer's groceries.




Figure 4




Figure 5

13. Once the consumer has completed her shopping, she can checkout by clicking the "Checkout" button or the cart icon, where Stop & Shop has been increasing her total based on the items she has chosen. Once the consumer proceeds to the checkout page, she is brought to a page titled "Cart." *See* Figure 6 (red boxes added). Here, she is again presented with the same price for her groceries as Stop & Shop displayed underneath the cart icon on the shopping page. *Id.*




**Figure 6**

14. However, once again, this is not the true price of the customer's groceries. And crucially, the consumer need not scroll down to check out, as the pink "Checkout" button is available at the top of the "Cart" page. *See* Figure 6. However, if the consumer does scroll down, she is, for the first time, presented with an increased price for her groceries. *See* Figure 7 (red boxes added).




**Figure 7**

15. At the bottom of this "Cart" page, Defendant presents multiple prices. First, Defendant provides photos and prices for products the customer has not purchased. *See* Figure 7. Next, Defendant reiterates the price it already quoted the customer multiple times. *Id.* However, Defendant then presents the customer with multiple fees, including a "Bottle Deposit Fee" and non-delineated "Fees." *See* Figure 7.

16. Only if the consumer clicks the icon next to the word "Fees" does the consumer learn that these "Fees" are actually a singular "Pickup Fee." *See* Figure 8.




**Figure 8**

17. If the consumer chooses to select the "i" icon next to the "Pickup Fee," Defendant presents her with a pop-up that states that "The Pickup fee is not a tip or gratuity, and no portion of this fee is paid to the pickup attendant. Our pickup attendants are not permitted to accept tips." *See* Figure 9. This information informs the consumer of what the fee is not for, but still fails to inform the consumer of the purpose of the fee.




**Figure 9**

18. To place her order, the customer may click the pink "Checkout" button. *See* Figure 7.

19. Once the customer clicks the pink "Checkout" button, she is presented with time slots to confirm her pickup time. See Figure 10.




**Figure 10**

20. Once the consumer clicks "Select This Slot," she is presented with another page where she can review her items, the pick up location and time, and input her payment and billing information. *See* Figures 11 and 12, next page.




**Figure 11**




**Figure 12**

21. On this page, the customer may complete her purchase by clicking the bottom on the bottom banner once she has input her billing information. *See* Figure 12.

22. Defendant initially quotes the consumer the subtotal without any fees. But, by the time the customer reaches the final checkout screen to pay, the cost is increased with the addition of a $3.95 Pickup Fee and a Bottle Deposit Fee that varies based on the number of bottles and cans the customer purchased. Given the fact that the subtotal is presented to the customer multiple times, the "Checkout" button is accessible without scrolling where the fees are visible, and the fact

that the customer must make multiple decisions on the subsequent screens, including the checkout time and billing method, consumers are unlikely to notice Defendant's sneaky fees.

**MASSACHUSETTS UNFAIR AND DECEPTIVE FEES LAW**

23. Effective September 2, 2025, Massachusetts enacted 940 CMR 38.00, which states:

> In connection with any Advertising or marketing, solicitation, or offer of Sale that is Targeted To or results in a Sale in Massachusetts, the following shall constitute an unfair and deceptive practice under M.G.L. c. 93A, § 2:
>
> (1) Misrepresenting or failing to disclose Clearly and Conspicuously, at the time of the initial presentation of the price of any Product, or any subsequent presentation thereafter, the Total Price of that Product;
>
> (2) Misrepresenting or failing to disclose Clearly and Conspicuously, at the time of the initial presentation of the Total Price of any Product:
> (a) the nature, purpose, and amount of any fees, charges, or other expenses that would be imposed on the transaction due to the purchase of that Product (excluding Shipping Charges and Government Charges);
> (b) for any fees, charges, or other expenses disclosed pursuant to 940 CMR 38.04(2)(a) that are optional to the consumer or waivable by the seller, the fact that such fees, charges, or other expenses are optional to the consumer or waivable by the seller, as well as readily available instructions regarding how to avoid such fees, charges, or other expenses.
>
> (3) Misrepresenting or failing to disclose Clearly and Conspicuously, in the final presentation of the price of any Product prior to the Sale of the Product:
> (a) the final transaction amount, inclusive of the Total Price for all Products purchased as part of the transaction and any applicable Shipping Charges and Government Charges;
> (b) the nature, purpose, and amount of any fees, charges, or other expenses that would be imposed on the transaction due to the purchase of that Product;
> (c) for any fees, charges, or other expenses disclosed pursuant to 940 CMR 38.04(3)(b) that are optional to the consumer or waivable by the seller, the fact that such fees, charges, or other expenses are optional to the consumer or waivable by the seller, as well as readily available instructions regarding how to avoid such fees, charges or other expenses.
>
> (4) Failing to disclose Clearly and Conspicuously the Total Price of any Product prior to requiring a consumer to provide any personal information, including billing information, unless said information is collected specifically, and only

> to the extent necessary, to facilitate underwriting in connection with the Sale of the Product, determine the Product's availability, determine whether the Sale of such Product to the consumer is legal, or compute an aspect of pricing previously approved by a Commonwealth insurance or financial regulatory agency.

940 CMR 38.04.

## CLASS REPRESENTATION ALLEGATIONS

24. Plaintiff seeks to represent a class defined as all individuals in the United States who placed Online Pickup Orders through Stop & Shop's website, www.stopandshop.com, or mobile application, on or after September 2, 2025 (the "Class"). Excluded from the Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

25. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class are at least in the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

26. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether Defendant misrepresented or failed to clearly and conspicuously disclose the total price of its products at the time of the initial presentation of the price of its products in violation of 940 CMR 38.04(1); (b) whether Defendant misrepresented or failed to clearly and conspicuously disclose the nature, purpose, and amount of fees that would be imposed on the transaction at the time of the initial presentation of the total price of its products in violation of 940 CMR 38.04(2)(a); and (c) whether Defendant failed to clearly and

conspicuously disclose the total price of its products prior to requiring its customers to provide their personal information, including billing information, in violation of 940 CMR 38.04(4).

27. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to disclose the total cost of its products, including Defendant's Pickup Fee, throughout the online order process.

28. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

29. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**FIRST CAUSE OF ACTION**
**Violation of the Massachusetts Unfair and Deceptive Business Practices Act,**
**Mass. Gen. Laws Ch. 93A *et seq.***
**(On behalf of the Class)**

30. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

31. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

32. Section 2 of Chapter 93—the Massachusetts Unfair and Deceptive Business Practices Act ("MUDBPA")—prevents the use of "unfair or deceptive acts or practices in the conduct of any trade or commerce."

33. Defendant's acts, as described herein, are an unfair or deceptive act or practice pursuant to 940 CMR 38.00, *et seq.* Defendant "[m]isrepresent[ed] or fail[ed] to disclose Clearly and Conspicuously, at the time of the initial presentation of the price of any Product, or any subsequent presentation thereafter, the Total Price of that Product" when it displayed prices for its products to customers who shopped for groceries on its online platforms. 940 CMR 38.04(1). Defendant "fail[ed] to disclose Clearly and Conspicuously, at the time of the initial presentation of the Total Price of any Product: (a) the nature, purpose, and amount of any fees." 940 CMR 38.04(2)(a). Defendant "fail[ed] to disclose Clearly and Conspicuously the Total Price of any Product prior to requiring a consumer to provide any personal information, including billing information." 940 CMR 38.04(4).

34. On or around March 31, 2026, Plaintiff placed an Online Order for pickup through Defendant's mobile application. As Plaintiff added items to her cart, Defendant quoted her a fee-less price. Defendant failed to disclose the Total Price of the products she was adding to her cart because the Total Price did not include Defendant's Pickup Fee. Defendant failed to

clearly and conspicuously disclose its Pickup Fee at the time the price of the products were first presented to her. Defendant failed to clearly and conspicuously disclose its Pickup Fee prior to Plaintiff providing her personal information, including her billing information, to complete her online grocery order.

35. Section 9 provides: "Any person … who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two … may bring an action in the superior court … for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper … Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons." *Id.* § 9.

36. Pursuant to the definitions codified at Chapter 93A § 1, Defendant is a "person," and Defendant is engaged in "trade" and "commerce" in Massachusetts by offering for sale the grocery products, and operating its online platforms for the sale of grocery products that directly or indirectly affect the people of Massachusetts, and because Defendant resides in Massachusetts and the acts and omissions alleged above and incorporated herein originated from Massachusetts.

37. By engaging in the acts and omissions alleged above and incorporated herein, Defendant has engaged and continues to engage in unfair or deceptive acts or practices in the conduct of trade or commerce.

38. Defendant's misrepresentations deceive and have a tendency to deceive a reasonable consumer and the general public.

39. Defendant's acts and omissions are material, in that a reasonable person would

attach importance to the information and would be induced to act on the information in making purchase decisions.

40. Defendant's misconduct caused Plaintiff and members of the Class to suffer an injury, adverse consequence, or loss because they paid fees that were unlawful.

41. Plaintiff and members of the Class have been harmed by this injury, adverse consequence, and/or loss.

42. The MUDBPA represents a fundamental public policy of the Commonwealth of Massachusetts.

43. For each loss, Plaintiff and each member of the Class may recover an award of actual damages or twenty-five dollars, whichever is greater. Ch. 93A § 9(3).

44. Because Defendant acted willfully or knowingly, Plaintiff and each member of the Class may recover up to three but not less than two times this amount. In addition, Plaintiff may recover attorneys' fees and costs.

45. Plaintiff and the members of the Class may also seek the imposition of injunctive relief which limits and polices Defendant's representations within or reaching Massachusetts. The balance of the equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. Plaintiff, members of the Class, and the general public lack an adequate remedy at law. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is capable of repetition or re-occurrence absent the entry of a permanent injunction.

46. In accordance with Mass. Gen. Laws Ch. 93A, § 9(3), on September 11, 2026, Plaintiff's counsel served Defendant with written notice of its violation of Ch. 93A and a demand

for relief on behalf of the class. Defendant did not make a written tender of settlement for the putative class in response.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Class, prays for judgment as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

Dated: October 15, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: *_/s/ Max S. Roberts_*
Max S. Roberts

Max S. Roberts (BBO # 718031)
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: mroberts@bursor.com

*Attorneys for Plaintiff*